UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RACHAEL LETICIA GREWELL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>K.B.R. INC.,<br><br>　　　　Defendant. | Case No.  23-cv-03889-BLF<br><br>**ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>[Re: ECF No. 13] |

Before the Court is Plaintiff Rachel Leticia Grewell's Motion for Leave to File an Amended Complaint (ECF No. 13). Defendant K.B.R. Inc. did not file an opposition to the motion.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (quotation marks and citation omitted). In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

The Court finds that none of the *Foman* factors are present. Plaintiff has not unduly delayed in seeking leave to file her First Amended Complaint. Her initial complaint was filed on August 3, 2023, and she sought leave to amend only three months later on November 13, 2023. *See* ECF No. 1, 13. There is no evidence of bad faith or dilatory motive. Plaintiff's First Amended Complaint seeks only to add additional violations under the FDCPA, Regulation F Requirements, and correct clerical errors. *See* ECF No. 13. Plaintiff has not repeatedly failed to cure deficiencies and the Court does not find that the proposed amendment is futile. Moreover, Defendant is not prejudiced by the amendment—this case is still in its early stages as no discovery has occurred, no motions have been filed, and the case schedule has not yet been set by the Court.

Therefore, the Court GRANTS Plaintiff Rachel Leticia Grewell's Motion for Leave to File an Amended Complaint (ECF No. 13). Plaintiff SHALL file the First Amended Complaint on the public docket no later than December 1, 2023.

**IT IS SO ORDERED.**

Dated: November 28, 2023

_____
BETH LABSON FREEMAN
United States District Judge